### In the Matter of Marietta V. MASSILLAMANY, Respondent.

### No. 49S00–1408–DI–511.

Supreme Court of Indiana.

Oct. 20, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent was admitted to practice in Indiana in May 2004. The bar application asked for full disclosure of both criminal convictions and accusations of violations of the law. In 2000, he had been convicted of operating a vehicle with a BAC equivalent between 0.08 and 0.25, a class C misdemeanor. He reported this conviction on his 2003 bar application. He had also been charged in 1996 with Minor in a Tavern, a class C misdemeanor, which was resolved through a pre-trial diversion agreement. Respondent did not report this charge in his initial 2003 application nor in a renewed application.

In 2010, Respondent pled guilty to operating a vehicle while intoxicated ("OWI") endangering a person, a class A misdemeanor, for which he received an agreed public reprimand. *See Matter of Massillamany,* 946 N.E.2d 581 (Ind.2011). Based on an incident on or about July 11, 2013, Respondent was charged with OWI with a prior conviction within five years, a class D felony. He self-reported this incident to the Commission on July 17, 2013. He pled guilty on April 9, 2014, and promptly notified the Commission of this conviction.

*Aggravating and mitigating facts.* Respondent's prior discipline is a fact in aggravation. The parties cite the following facts in mitigation: (1) Respondent was cooperative with the Commission, including promptly reporting his 2014 conviction; and (2) Respondent voluntarily enrolled in Indiana Judges and Lawyers Assistance Program ("JLAP") shortly after his latest arrest and has since participated successfully in programs addressing alcohol dependency.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.1(a): Knowingly making a false statement of material fact to the Board of Law Examiners in connection with a bar admission application.

8.1(b): Failure to disclose relevant facts to the Board of Law Examiners.

8.4(b): Committing a criminal act that reflects adversely on Respondent's trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning December 1, 2014, with 120 days actively served and the remainder stayed subject to completion of at least three years of probation under a JLAP long-term monitoring agreement.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall refrain from alcohol and all mind-altering substances except as prescribed.

(2) Respondent shall have no violations of the Rules of Professional Conduct during his probation.

(3) Respondent shall promptly report to the Commission any violation of the terms of Respondent's probation.

(4) If Respondent violates the terms of his probation, the stay of his suspension shall be vacated and the balance of the stayed suspension shall be actively served without automatic reinstatement.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The Commission filed a "Notice of Guilty Finding and Request for Suspension" on August 6, 2014, under Admis. Disc. R. 23(11.1)(a). With the approval of parties' conditional agreement, the Court dismisses this request as moot.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.